IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 3:15-CR-496-L |
| JACOBO GEISSLER (2) | |

# PRELIMINARY ORDER OF FORFEITURE

Before the court is the Government's Agreed Motion for a Preliminary Order of Forfeiture (Doc. 975), filed October 8, 2020. After consideration, the court determines the motion should be and is hereby **granted**.

The Government notified Defendant that it would seek to forfeit property from Defendant upon his conviction for offenses alleged in the Superseding Indictment. Defendant pled guilty to Count Seven of the Superseding Indictment, has described his criminal conduct in a factual resume, and has agreed to forfeit certain property as proceeds from the sale of misbranded food alleged in Count Seven and replacing the sold product. This property includes the following ("the Property"):

  i. All funds, monies, and things of value contained in Account #4413-1720, in the name of Jon Doyle TTEE USPLabs LLC Retirement Plan FBO Jacob Geissler at Charles Schwab.
  j. All funds, monies, and things of value contained in Account #2102-2960, in the name of Jacob E Geissler at Charles Schwab.
  k. All funds, monies, and things of value contained in Account #2618-3391, in the name of JG Ventures LLC at Charles Schwab.
  l. All funds, monies, and things of value contained in Account #5211-4965, in the name of JG Ventures LLC at Charles Schwab.
  m. All funds, monies, and things of value contained in Account #3682-0734, in the name of Geissler Investments LLC at Charles Schwab.
  n. All funds, monies, and things of value contained in Account #4318-2228, in

the name of Geissler Investments LLC at Charles Schwab.

o. All funds, monies, and things of value contained in Account #3633-3489, in the name of Geissler Investments LLC Portfolios at Charles Schwab.

p. All funds, monies, and things of value contained in Account #3949-6550, in the name of JEG Investments LLC at Charles Schwab.

q. All funds, monies, and things of value contained in Account #4148-9742, in the name of JEG Investments LLC at Charles Schwab.

r. All funds, monies, and things of value contained in Account #8237-4961, in the name of JEG Investments LLC Portfolios at Charles Schwab.

s. All funds, monies, and things of value contained in Account #9868-1193, in the name of JEG Investments DE LLC at Charles Schwab.

t. All funds, monies, and things of value contained in Account #8265-7257, in the name of JEG Endeavors at Charles Schwab.

u. All funds, monies, and things of value contained in Account #3506-2445, in the name of GS-ETH LLC at Charles Schwab.

v. All funds, monies, and things of value contained in Account #1585-2243, in the name of ETH Insurance Company Inc. at Charles Schwab.

w. All funds, monies, and things of value contained in Account #5995-7559, in the name of Straight CH Insurance Inc. at Charles Schwab.

x. All funds, monies, and things of value contained in Account #7812-4442, in the name of BFB Insurance Company Inc. at Charles Schwab.

y. All funds, monies, and things of value contained in Account #1827-5797, in the name of M19 Eleven Insurance Company at Charles Schwab.

z. All funds, monies, and things of value contained in Account #6887-5723, in the name of RB Investments DE LLC at Charles Schwab.

bb. All funds, monies, and things of value contained in Account #5253-5132, in the name of RB Investments DE LLC at Charles Schwab.

cc. All funds, monies, and things of value contained in Account #9140-2357, in the name of Charitable Fund-Jacob and Ruth Donor at Charles Schwab.

ff. All funds, monies, and things of value contained in Account #51726890, in the name of JG Ventures LLC at Raymond James.

gg. All funds, monies, and things of value contained in Account #676201922, in the name of Geissler Investments LLC at Fidelity Investments.

ll. The real property located at 3538 Miles St., Dallas, Dallas County, Texas, more specifically described as Lot 16B, Block 6/2467 of Bowser-Miles Addition, an Addition to the City of Dallas, Dallas County, Texas, according to the Plat thereof recorded in Volume 2001122, Page 2013, Map Records, Dallas County, Texas.

oo. 2013 Ford F150, VIN 1FTFW1R67DFB97578.

qq. 2013 Mercedes Benz S63, VIN WDDNG7EBODA511749.

ss. 2013 Mercedes-Benz ML350, VIN 4JGDA5JBODA196870.

The Property is currently subject to forfeiture, as well as to a restraining order entered by the court in November 2015, and therefore under the court's jurisdiction and control (as opposed to that of any private institution, business entity, or individual).

Based on Defendant's guilty plea and his Plea Agreement and Factual Resume, the court finds the Property is subject to forfeiture to the Government pursuant to 21 U.S.C. § 334, 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).  It is therefore **ordered** that the Property is forfeited to the Government, subject to the provisions of 21 U.S.C. § 853(n).

It is **further ordered** that, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2, the United States Marshal's Service (and/or any duly authorized federal agency) shall seize the Property and hold it in its secure custody and control pending a final order of forfeiture.

In order to protect the value of the Property and assure its availability for forfeiture to the Government, the United States Marshal's Service (and/or any duly authorized federal agency) is fully authorized, after consultation with the United States Attorney's Office, to initiate and effect the liquidation and/or sale of the Property, including items i. – z., bb., cc., ff., and gg., and to receive the full value of the Property following liquidation and/or sale.  Any business, institution, entity, or individual holding or in possession of the Property subject to the restraining order shall comply within five (5) days with the request of the United States Marshal's Service (and/or any duly authorized federal agency) to liquidate and/or sell the Property, including items i. – z., bb., cc., ff., and gg.  No business, institution, entity, or individual shall deduct, collect, or retain any fee, commission, or expense from items i. – z., bb., cc., ff., and gg (including any appreciation or increase in value occurring with the items) before, during, or after the United States Marshal's Service (and/or any

duly authorized federal agency) initiates and effects the liquidation and/or sale of one or more of the items pursuant to this order, without further order of the court.

Since the Property is under the court's jurisdiction, control, and direction, the restraining order affecting the Property is lifted to the extent necessary for the United States Marshal's Service (and/or any duly authorized federal agency) to implement and effect this order.

It is **further ordered** that, pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2, the Attorney General shall publish notice of the forfeiture order for at least 30 consecutive days on the official government website www.forfeiture.gov.  The notice shall state the Government's intent to dispose of the Property and state that any person, other than Defendant, having or claiming a legal interest in the Property must file a petition with the court no later than 30 days after actual notice of the forfeiture order, or no later than 60 days after the first day of the forfeiture's publication on the official government website, whichever is earlier, and serve a copy on the Asset Forfeiture Unit, U.S. Attorney's Office, Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242.  The petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, and any additional facts supporting the petitioner's claim and the relief sought. The Government shall send, by means reasonably calculated to reach the person, written

**Preliminary Order of Forfeiture (Geissler) – Page 4**

notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture.

Upon adjudication of all third-party interests, this court will enter a final order of forfeiture addressing those interests.

Pursuant to Defendant's Plea Agreement, the following items of property are released from the forfeiture proceedings in this case:

aa. All funds, monies, and things of value contained in Account #3368-5718, in the name of RB Investments DE LLC at Charles Schwab.

kk. The real property located at 8001 Tulane St., Dallas, Dallas County, Texas, more specifically described as Lot 11, in Block 49, of University Heights, Fifth Installment, an Addition to the City Of University Park, Dallas County, Texas, according to the Map thereof recorded in Volume 7, Page 123 of the Map Records of Dallas County, Texas.

**It is so ordered** this 9th day of October, 2020.

Sam A. Lindsay
United States District Judge